UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 18-21220-WILLIAMS

MAXWELL GOLDSCHMIDT,

    Plaintiff,

vs.

RACK ROOM SHOES.,

    Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's motion to stay all proceedings pending a ruling of the Federal Communications Commission's ("FCC") interpreting the definition of an "Automated Telephone Dialing System" ("ATDS") under the Telephone Consumer Protection Act ("TCPA"). (DE 23). Defendant argues that, because "the FCC's interpretive ruling will likely be dispositive of this case … a temporary stay this action is warranted." Plaintiff opposes Defendant's motion.

District courts enjoy broad discretion in deciding how best to manage the cases before them and to set and enforce scheduling deadlines. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). "In determining whether a

stay should be granted the Court looks to the following four factors: 1) the likelihood of the moving party ultimately prevailing on the merits; 2) the extent the moving party would be irreparably harmed; 3) potential for harm to the opposing party if the stay is issued and 4) whether issuing a stay would be in the public interest." *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417 (S.D. Fla. 1987). However, "[a] stay must not be immoderate." *Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000) (finding district court abused its discretion by staying proceedings indefinitely, pending resolution of related proceedings).

Here, Defendants request a stay of proceedings "pending the FCC's interpretive ruling on the statutory definition of ATDS." But despite Defendant's assertion that the ruling is expected by late 2018 or early 2019, there is no real indication that the FCC will in fact issue a ruling by a certain date. Thus, under Eleventh Circuit precedent, Defendant's request for a stay qualifies as immoderate. Indeed, sister courts in this district have denied similar motions. *See Halperin v. Youfit Health Clubs LLC*, Case No. 18-61722-cv-Dimitrouleas (S.D. Fla. Sept. 19, 2018); *Powell v. Youfit Health Clubs LLC*, Case No. 17-62328-cv-Bloom (S.D. Fla. Sept. 24, 2018); *Poirier v. Cubamax Travel, Inc.*, Case No. 18-23240-Altonaga (S.D. Fla. Oct. 9, 2018). Accordingly, Defendants' motion (DE 23) is **DENIED.**

**DONE AND ORDERED** in chambers in Miami, Florida, this 3rd day of January, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE